Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| MUNICIPIO DE PATILLAS<br><br>Recurridos<br><br>v.<br><br>BRISSETTE MAGALY LEBRÓN RIVERA, EDGARD RAFAEL LEBRÓN RIVERA, MILTON LUIS LEBRÓN RIVERA Y OTROS<br><br>Peticionarios | TA2025CE00484 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Civil núm.: GM2023CV01038<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de octubre de 2025.

Comparece la parte peticionaria, Brissette Magaly Lebrón Rivera, Edgard Rafael Lebrón Rivera, Milton Luis Lebrón Rivera y otros (en conjunto los peticionarios), representados por el Lcdo. Ramiro Rodríguez Peña, mediante recurso de *certiorari* y solicitan que revisemos la *Resolución Interlocutoria* emitida y notificada el 3 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala de Guayama (TPI). Mediante el referido dictamen, el TPI declaró No Ha Lugar la *Moción sobre Sustitución de Representación Legal*[1] presentada por los peticionarios. El foro recurrido basó su denegatoria en lo dispuesto en la Regla 63.2(d) de Procedimiento Civil[2].

Por los fundamentos que expondremos a continuación, **expedimos y confirmamos** la expedición del recurso de *certiorari*.

---

[1] Entrada Núm. 107 SUMAC-TPI.
[2] 32 LPRA Ap. V, R. 63.2(d).

I.

El 16 de diciembre de 2023, el Municipio de Patillas presentó una Petición sobre Expropiación Forzosa en contra de los peticionarios, el CRIM, Estado Libre Asociado De Puerto Rico, John Doe y Fulana De Tal (GM2023CV01038). El caso fue asignado al salón 303, presidido por el Hon. Josian J. Rivera Torres. En su demanda, el Municipio alegó que tenía necesidad imperiosa y urgente de adquirir la propiedad objeto de la demanda para ubicar sus oficinas administrativas y extensión de la Casa Alcaldía. Luego de varios trámites procesales, el 31 de mayo de 2024, notificada el 3 de junio de 2024, el TPI dictó *Sentencia*[3] en la que declaró con lugar la solicitud de expropiación forzosa presentada por el Municipio.

En medio de los trámites *post sentencia,* el 15 de junio de 2024, comparecieron los peticionarios mediante *Solicitud de Relevo de Sentencia*[4]. Éstos comparecieron representados por el Lcdo. Erick M. Bellber Sánchez (licenciado Bellber Sánchez). En síntesis, alegaron que, ante varias deficiencias del Municipio en notificar la petición de expropiación a las partes interesadas, procedía el relevo de la sentencia dictada. Luego de evaluar los escritos presentados por las partes, el 10 de julio de 2024, el TPI emitió una *Resolución*[5] en la que dejó sin efecto la sentencia y señaló conferencia inicial.

Luego de numerosos incidentes procesales, el 22 de agosto de 2025, los peticionarios presentaron una *Moción Sobre Sustitución de Representación Legal*[6]. En esta, el licenciado Bellber Sánchez expresó que los peticionarios solicitaron su sustitución por el Lcdo. Ramiro Rodríguez Peña (licenciado Rodríguez Peña). Por ello, solicitaron se aceptara la renuncia del licenciado Bellber Sánchez y

---

[3] Entrada Núm. 47 SUMAC-TPI.
[4] Entrada Núm. 50 SUMAC-TPI.
[5] Entrada Núm. 57 SUMAC-TPI.
[6] Entrada Núm. 107 SUMAC-TPI.

se aceptara al licenciado Rodríguez Peña como el nuevo representante legal de los peticionarios.

El 26 de agosto de 2025, se celebró una vista de Conferencia con Antelación a Juicio en la que compareció el licenciado Bellber Sánchez y el licenciado Rodríguez Peña. Según surge de la *Minuta*[7], el Juez Rivera Torres se dirigió al licenciado Rodríguez Peña y le expresó que tenía que verificar el récord del caso, pues no recordaba si se había inhibido previamente en cuanto a él o en cuanto al Lcdo. Ramiro Rodríguez Ramos (licenciado Rodríguez Ramos), quien es padre del licenciado Rodríguez Peña. El licenciado Rodríguez Peña expresó que el juez se había inhibido de unos casos de la oficina de su padre, que era quien llevaba los casos de los cuales el Juez Rivera Torres se inhibió. El juez expuso que, siendo ello así, los peticionarios tenían que buscar otra representación legal, pues el Tribunal no podía aceptarlo como abogado del caso, conforme establece en la Regla 63.2(d) de Procedimiento Civil. Por lo anterior, el Juez Rivera Torres expresó "que cuando un abogado puede provocar la inhibición de un Juez, el Juez puede no aceptar la representación legal". El licenciado Rodríguez Peña solicitó que la determinación se hiciera por escrito.

El 3 de septiembre de 2025, el TPI emitió y notificó la *Resolución Interlocutoria*[8] recurrida. En esta expresó lo siguiente:

> No Ha Lugar. De conformidad con la Regla 63.2 (d) de Proced[i]miento Civil, el Tribunal puede denegar la representación legal de una parte que provocaría la inhibición del presente Juez. Por tanto, se deniega la representación del Lcdo. Ramiro Rodríguez Peña, ya que el Juez que suscribe se inhibe de sus casos. Se le concede el término de treinta (30) días a la parte demandada para que anuncie nueva representación legal.

---

[7] Entrada Núm. 108 SUMAC-TPI.
[8] Entrada Núm. 109 SUMAC-TPI.

Inconforme, los peticionarios acuden ante nos vía *certiorari* y formularon los siguientes señalamientos de error:

> Error Núm. 1: Incurrió en error el TPI, Hon. Josian J. Rivera Torres, al declarar No Ha Lugar la Moción de Sustitución de Representación Legal, expresando como justificación que él se inhibe de los casos en que el suscribiente, Lcdo. Ramiro Rodríguez Peña, aparece como representante legal de una de las partes.

> Error Núm. 2: Incurrió en error el TPI, Hon. Josian J. Rivera Torres al expresar que de conformidad con la Regla 63.2(d) de Procedimiento Civil él puede denegar la representación legal de una parte que provocaría su inhibición.

## II.

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[9]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[10] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una

---

[9] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[10] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión.[11]

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[12], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra,* enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari,* mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[13]

---

[11] *Íd.*

[12] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR __ (2025).

[13] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[14] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[15] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[16]

La discreción judicial se define como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera".[17] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[18] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[19]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

---

[14] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

[15] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular*, supra, pág. 155.

[16] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[17] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657–658 (1997).

[18] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular*, supra.

[19] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra, pág. 658.

[...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[20]

### C.

La Regla 63 de Procedimiento Civil, 32 LPRA Ap. V, provee el mecanismo para solicitar la recusación de un juzgador. En lo aquí atinente, la Regla 63.2 pauta el contenido de una moción de inhibición y el procedimiento a seguir. En especial, el inciso (d) de referida regla indica como sigue:

Una vez un juez o una jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o las abogadas cuya intervención pueda producir su recusación.

Esta oración de la Regla 63.2, *supra*, ha sido considerada como aquella que, "establece una norma que evita lo que se conoce en la esfera federal como el *judge shopping*. Esta reprobable práctica persigue conseguir la inhibición de jueces mediante la inclusión de abogados que a sabiendas produzcan dichas inhibiciones. Esta normativa prohibe, **una vez un juez haya comenzado a intervenir en un caso**, **la unión al caso de abogados cuya intervención produzca la inhibición**." Rafael Hernández Colón, Derecho Procesal Civil, 6ta edición, 2017, pág. 324.

Por otra parte, en cuanto a la contratación de los abogados, el Tribunal Supremo ha sido enfático en que la moción para asumir la representación legal es corolario al derecho de contratación que posee todo ciudadano para escoger o encomendar al abogado de su preferencia a una gestión profesional y, de estimarlo conveniente,

---

[20] *SLG ZapataRivera v. J.F. Montalvo*, supra, citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).

solicitarle la renuncia.[21] La presentación presupone la orientación previa del letrado y la existencia de un acuerdo entre una persona y el abogado.[22] La comparecencia del abogado es un acto relativamente sencillo el cual revela que, luego de intercambiar información privilegiada conducente a los intereses y derechos del cliente y evaluar las consideraciones éticas y económicas iniciales, el abogado aceptó la representación, finiquitado el pacto con la presentación de la referida moción.[23] El derecho a escoger al abogado de preferencia es del cliente quien confía en la competencia y diligencia del abogado.[24] La comparecencia del abogado puede representar para el cliente un apoyo o refuerzo adicional junto con otro letrado que conste en el récord del tribunal. *Simons y otros v. Leaf Petroleum Corp.,* supra. Por último, la discreción judicial para denegar una moción para asumir la representación legal de una parte en el litigio es muy limitada o restricta.[25]

### III.

En su recurso, los peticionarios plantean que el TPI incidió al denegar la sustitución de representación legal del licenciado Rodríguez Peña por motivo de que el Juez Rivera Torres se inhibe de los casos en que el licenciado Rodríguez Peña comparece como representante legal. Asimismo, afirman que el Juez Rivera Torres erró al determinar que puede denegar la representación legal de una parte que podría provocar su inhibición.

Debido a que en el presente caso está en conflicto el derecho de contratación que posee todo ciudadano de elegir a su representante legal con el ejercicio de la discreción judicial del juez de instancia, nos vemos precisados a realizar un análisis minucioso del expediente ante nuestra consideración, tomando en cuenta las

---

[21] *Simons y otros v. Leaf Petroleum Corp.*, 209 DPR 216 (2022).
[22] *Íd.*
[23] *Íd.*
[24] *Íd.*
[25] *Íd.*

circunstancias particulares del presente caso. Así, tras un análisis objetivo, cuidadoso y sereno del expediente y los documentos que conforman el apéndice, concluimos que no se cometieron los errores señalados. Nos explicamos.

Del propio apéndice del recurso surgen las órdenes de inhibición del Juez Rivera Torres en dos casos en que el licenciado Rodríguez Ramos compareció como representante legal[26]. En las referidas órdenes, el Juez Rivera Torres expone como causa de inhibición que el licenciado Rodríguez Ramos— padre del licenciado Rodríguez Peña— es el representante legal de la Sra. Lorraine Colón Cartagena (señora Colón Cartagena), ex esposa del Juez Rivera Torres, quien aún tiene litigios pendientes con el magistrado.[27] Luego de que el Juez Administrador Regional, Hon. José M. D'Anglada Raffucci reasignara[28] los referidos casos, el licenciado Rodríguez Ramos presentó una *Moción Aclaratoria*[29], en las que expuso que **no** es representante legal de la señora Colón Cartagena. No obstante, el letrado expuso que su hijo, el licenciado Rodríguez Peña es representante legal de la señora Colón Cartagena como parte interventora en un caso sobre declaración de ausente y nombramiento de administrador[30] y que el licenciado Rodríguez Peña representa a la señora Colón Cartagena solamente en ese caso.

En vista de lo anterior, resulta ineludible que, en efecto, el abogado de los aquí peticionarios —el licenciado Rodríguez Peña— es quien representa legalmente a la señora Colón Cartagena, ex esposa del Juez Rivera Torres en otro pleito. Siendo ello así, y ante el hecho de que el Juez Rivera Torres se inhibió previamente por causa de que entendía que el licenciado Rodríguez Ramos

---

[26] AY2019CV00132; AY2022CV00030.
[27] Véase, *Resolución y Orden,* Apéndice 1 y 4 del recurso, págs. 1 y 5, respectivamente.
[28] Véase, *Orden,* Apéndice 3 y 6 del recurso, págs. 4 y 8.
[29] Véase, *Moción Aclaratoria,* Apéndice 2 y 5 del recurso, págs. 2 y 6, respectivamente.
[30] GM2020RF00328.

representaba a la señora Colón Cartagena, es altamente probable que aceptar al licenciado Rodríguez Peña en el presente caso podría producir su inhibición. Lo anterior cobra mayor relevancia cuando del propio expediente surge que quien representa a la señora Colón Cartagena es el licenciado Rodríguez Peña y que el Juez Rivera Torres consignó en sus órdenes de inhibición que entre él y la señora Colón Cartagena existían litigios pendientes. También, el Juez Rivera Torres es el único juez que ha intervenido en el caso de marras desde que se instó la demanda en diciembre de 2023. Desde entonces, el Juez Rivera Torres no solo intervino en los trámites iniciales del caso, sino que también dictó sentencia, emitió órdenes sobre los procesos *post* sentencia y posteriormente, dejó sin efecto la sentencia dictada. De lo anterior, surge claramente que ya éste comenzó a intervenir en el caso, por lo que la representación del licenciado Rodríguez Peña podría producir su inhibición, lo que provocaría una dilación de los procedimientos de un pleito que va a cumplir tres años de presentado. Reiteramos que, a la luz de lo anterior, la determinación del juez de instancia se encuentra cobijada por lo establecido en el inciso (d) de la Regla 63.2 de Procedimiento Civil, *supra*.

Conforme expusimos anteriormente, el Tribunal Supremo ha manifestado "[...] que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto".[31] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia,

---

[31] *Citibank, N.A. v. Cordero Badillo*, 200 DPR 724, 738 (2018).

salvo que incurra en algunas de las conductas previamente mencionadas.

Así, luego de revisar los escritos presentados ante este tribunal, el derecho aplicable y los incidentes ante el foro primario, concluimos que los peticionarios no lograron demostrar que el juez recurrido actuó con prejuicio o parcialidad, o incurrió en craso abuso de discreción, o error manifiesto. Por lo anterior, procede que expidamos y confirmemos la resolución recurrida.

**IV.**

Por los fundamentos antes expuestos, EXPEDIMOS el auto de *certiorari* y CONFIRMAMOS la Resolución recurrida.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones